IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CR-30-H
No. 4:13-CV-241-H

OZAY RICHARDSON,

    Petitioner,

v.

**ORDER**

UNITED STATES OF AMERICA,

    Respondent.

This matter is before the court on the government's motion to dismiss, or in the alternative for summary judgment [D.E. #49] as to, petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [D.E. ##41, 46] and petitioner's motion for appointment of counsel [D.E. #42]. Petitioner has filed a response to the government's motion [D.E. #51], and this matter is ripe for disposition.

**BACKGROUND**

On July 9, 2012, petitioner pled guilty, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. [D.E. ##26, 27]. As part of his plea agreement, petitioner agreed to waive the right to

challenge his conviction or sentence in a collateral proceeding, except for claims of ineffective assistance of counsel or prosecutorial misconduct not known to petitioner at the time of his guilty plea. [D.E. #27 at 1]. On December 12, 2012, the court sentenced petitioner to a term of imprisonment of 204 months. [D.E. #38]. Judgment was entered on December 20, 2012. [D.E. #38]. Petitioner did not file an appeal.

On November 15, 2013, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. At the direction of the court, petitioner filed a corrected motion to vacate his sentence on December 6, 2013, alleging that: (1) counsel was ineffective for failing to file a requested notice of appeal [D.E. #46 at 5]; (2) the arraignment colloquy was defective and rendered petitioner's guilty plea unknowing and invalid [D.E. #46 at 6]; (3) the court did not make an explicit finding regarding the prior convictions used to enhance petitioner's sentence under the Armed Career Criminal Act [D.E. #46 at 8]; (4) counsel was ineffective for failing to object to the court's lack of fact-finding as to petitioner's prior convictions [D.E. #46 at 9]; (5) counsel was ineffective for failing to explain the enhancement contained in 18 U.S.C. § 924(e) [D.E. #46 at unnumbered 10]; (6) counsel was ineffective for failing to object to petitioner's eligibility for an enhanced sentence under 18 U.S.C. § 924(e) [D.E. #46 at unnumbered 10];

2

(7) counsel was ineffective for failing to object or argue in favor of receiving a reduction in offense level for acceptance of responsibility [D.E. #46 at unnumbered 10]; (8) counsel was ineffective for failing to move to suppress the stop and search of petitioner's car and statements made by petitioner [D.E. #46 at unnumbered 10]; (9) counsel did not investigate a viable defense and, as a result, petitioner's guilty plea should be withdrawn [D.E. #46 at unnumbered 10, 11]; and (10) counsel was ineffective for failing to object to the absence of a downward departure based on acceptance of responsibility [D.E. #46 at unnumbered 11].

## DISCUSSION

### I. Ineffective Assistance of Counsel Claims

To prove ineffective assistance of counsel, petitioner must satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense

3

after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

### A. Failure to File Requested Appeal

Petitioner's first claim alleges that he requested his trial counsel to file an appeal and that counsel failed to file the appeal. "[A]n attorney's failure to file a notice of appeal when expressly instructed to do so by his client constitutes ineffectiveness notwithstanding the likelihood of success on appeal because failure to file the requested appeal deprives petitioner of his Sixth Amendment right to assistance of counsel on direct appeal altogether." Miller v. United States, 150 F.Supp.2d 871, 878, 879 (E.D.N.C. 2001); See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993) (Counsel's failure to file a notice of appeal when requested is per se ineffective assistance.). If the record does not conclusively show that petitioner's counsel was not ineffective for failing to file a notice of appeal, an evidentiary hearing is required. United States v. Greer, No. 05-7401, 2007 WL 542744, at *1 (4th Cir. Feb. 22, 2007).

4

In his § 2255 motion, signed under penalty of perjury, petitioner claims that he instructed his counsel to file a notice of appeal. No appeal was filed. In an affidavit attached to the government's motion, petitioner's trial counsel disputes petitioner's allegation. Based on these conflicting sworn statements, there is a genuine issue of material fact concerning whether petitioner requested his counsel to file notice of appeal.

### B. Counsel's Failure to Object to Court's Failure to Determine Prior Convictions

Petitioner's fourth claim alleges that counsel was ineffective for failing to object to the court's lack of fact-finding as to petitioner's prior convictions. At petitioner's sentencing hearing, counsel for petitioner withdrew his objections to the PSR. [D.E. #40 at 4]. Petitioner did not raise objection to counsel's withdrawal and even expressed gratitude for his counsel's representation. [D.E. #40 at 11]. Counsel's withdrawal of petitioner's objections is a matter of strategy that this court will not second-guess. Furthermore, petitioner does not allege sufficient facts to show prejudice insofar as he does not set forth objections to past convictions or demonstrate that his sentence would be different if a past conviction was removed from consideration. Therefore, petitioner's fourth claim is DISMISSED.

### C. Counsel's Failure to Explain the Enhancement Contained in 18 U.S.C. § 924(e)

Petitioner's fifth claim alleges that counsel was ineffective for failing to explain the enhancement contained in 18 U.S.C. § 924(e). A careful review of the petitioner's plea agreement reveals that petitioner was notified of the possible application of a sentencing enhancement pursuant to 18 U.S.C. § 924(e). [D.E. #27 at 4]. At petitioner's Rule 11 hearing, the court informed the petitioner:

> "I have been handed a document entitled 'Memoranda of Plea Agreement'... It appears to be signed by you, Mr. Richardson, and by your attorney, Mr. Locascio, and by Ms. Kocher, the prosecutor in your case, on or about July 2nd, 2012. Now, did you have an opportunity to read and to discuss this plea agreement in its entirety before you signed it with your lawyer, Mr. Locascio?"

[D.E. #30 at 7]. Petitioner replied, "Yes, sir." [D.E. #30 at 7]. The court later asked, "Do you understand the terms, the language, the words, the sentences, even any legal phrases that may be used in your plea agreement after you discussed your plea agreement with Mr. Locascio?" Petitioner again replied, "Yes, sir." [D.E. #30 at 7, 8]. Petitioner's unequivocal sworn affirmation of his complete understanding and acceptance of the terms of his plea agreement convinces the court that petitioner's contrary post-conviction claim is unsustainable. See Little v. Allsbrook, 731 F.2d 238, 239-40 n.2 (4th Cir.

6

1984) (defendant bound by statements made at time of plea absent clear and convincing evidence to the contrary). Therefore, petitioner's fifth claim is DISMISSED.

### D. Counsel's Failure to Object to the Enhancement Pursuant to 18 U.S.C. § 924(e)

Petitioner's sixth claim alleges that counsel was ineffective for failing to object to petitioner's eligibility for an enhanced sentence under 18 U.S.C. § 924(e). Even if petitioner has alleged facts sufficient to satisfy the first prong of the Strickland test, he has failed to allege sufficient facts to warrant a finding that, but for the deficiency, the result of the proceeding would have been different. Petitioner does not allege sufficient facts to warrant a conclusion that but for the alleged deficiency of counsel, the outcome would have been different. Finally, as noted above, petitioner was notified of the potential application of this enhancement in the plea agreement. [D.E. #27 at 4]. Therefore, petitioner's sixth claim for relief is DISMISSED.

### E. Counsel's Failure to Object or Argue in Favor of Receiving a Reduction for Acceptance of Responsibility

Petitioner's seventh claim alleges that counsel was ineffective for failing to object or argue in favor of receiving a reduction of offense level for acceptance of responsibility. Petitioner's claim is unfounded because he received the benefit of a reduction for his acceptance of responsibility pursuant to

7

U.S.S.G. § 3E1.1(b) at his sentencing hearing. [PSR at 14, ¶ 61 and D.E. #40 at 16]. Therefore, petitioner's seventh claim for relief is DISMISSED.

**F. Counsel's Failure to File a Motion to Suppress**

Petitioner's eighth claim alleges that counsel was ineffective for failing to file a motion to suppress the stop and search of petitioner's car and statements made by petitioner. [D.E. #46 at unnumbered 10].

Although petitioner states that he requested counsel to file a motion to suppress his statements and the stop in the instant case because the officer had no probable cause to stop the vehicle, [D.E. #41-3 at 2], petitioner voluntarily entered a plea of guilty at his subsequent Rule 11 hearing [D.E. #30 at 11]. At his Rule 11 hearing, petitioner stated he understood the content of his plea agreement and that he was forfeiting valuable civil rights by entering a plea of guilty. [D.E. #30 at 7, 8]. When asked by the court, "Do you need any more time to think about your plea or to discuss your plea with your lawyer, Mr. Locascio?" petitioner responded, "No, sir." Furthermore, petitioner represented that no one made any promises apart from those contained in his plea agreement to induce him to enter a plea of guilty. [D.E. #30 at 8]. Petitioner has not alleged sufficient clear and convincing facts to dispute his sworn testimony at the Rule 11 hearing which indicates that he

8

voluntarily entered his plea of guilty and knowingly forfeited his right to challenge the admissibility of evidence allegedly obtained in violation of his constitutional rights. See Little, 731 F.2d at 239-40 n.2 (defendant bound by statements made at time of plea absent clear and convincing evidence to the contrary).

Furthermore, even if counsel's representation was deficient insofar as he did not file a motion to suppress evidence at petitioner's request, petitioner expressly waived his right to file a motion to vacate his sentence on the basis of ineffective assistance of counsel known to petitioner at the time of entering his plea of guilty. [D.E. #27 at 1]. Therefore, petitioner's eighth claim is DISMISSED.

### G. Counsel's Prevention of Viable Defense

Petitioner's ninth claim alleges that counsel was ineffective insofar as he prevented petitioner from asserting a viable defense. Petitioner contends that he provided counsel with "competent and accurate information and credible witnesses." [D.E. #46 at unnumbered 11]. The basis of petitioner's claim rests in the alleged failure of counsel to properly investigate defenses upon review of discovery and receipt of additional information from petitioner before petitioner's entry of a plea of guilty.

9

A careful review of the transcript from petitioner's Rule 11 hearing in conjunction with the facts alleged in the instant claim reveals that petitioner, knowing the facts alleged in this ninth claim, decided to forfeit valuable civil rights, including the right to a trial by jury, and voluntarily enter a plea of guilty. [D.E. #30 at 8, 11]. The alleged ineffectiveness of counsel occurred before petitioner's entry of a guilty plea, [D.E. #46 at unnumbered 10, 11], and is based upon information known to petitioner at that time. Further, although petitioner claims that counsel pressured him into entering a plea of guilty, [D.E. #41-3 at 2], petitioner responded, "No, sir," when asked by the court, "Has anyone made any other or different promises to you to get you to plead guilty to Count Number 1 of this bill of indictment other than what's written in this plea agreement?"

Petitioner expressly waived his right to file a motion to vacate his sentence on the basis of ineffective assistance of counsel known to petitioner at the time of entering his plea of guilty. [D.E. #27 at 1]. Therefore, petitioner's ninth claim is barred by his appeal waiver, see United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005) (Such waivers are enforceable so long as they are knowing and voluntary), and is DISMISSED.

### H. Counsel's Failure to Object to the Absence of a Motion by the Government for Downward Departure Based on Acceptance of Responsibility

Petitioner's tenth claim alleges that counsel was ineffective for failing to object to the absence of a motion by the government for downward departure based on acceptance of responsibility. A careful review of the petitioner's plea agreement reveals that the government was not obligated to file a motion for downward departure on behalf of the petitioner. [D.E. #27 at 6]. Further, insofar as petitioner's claim refers to a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b), he received the benefit of such a reduction as explained in subsection "E" *supra*. Therefore, petitioner's tenth claim is DISMISSED.

## II. Procedural Claims

### A. Defect in Rule 11 Colloquy

Petitioner's second claim alleges that his Rule 11 colloquy was defective insofar as: (1) he did not understand the charge at the time of his plea and (2) the court failed to explain the petitioner's rights. Disposition of petitioner's second claim relies upon resolution of his first claim. Therefore, this court defers judgment on the merits of petitioner's second claim pending hearing of his first claim.

11

## B. Court's Failure to Determine Prior Convictions

Petitioner's third claim alleges that the court did not make an explicit finding regarding the prior convictions used to enhance petitioner's sentence under the Armed Career Criminal Act. A careful review of the transcript from petitioner's sentencing hearing on December 12, 2012, reveals that the court "adopt[ed] the findings of the presentence report as credible and reliable, and, based on those findings, [the court] calculated the imprisonment range prescribed by the advisory guidelines." [D.E. #40 at 16]. The PSR set forth petitioner's past criminal convictions. [PSR at 5-8]. The court's adoption of the findings within the PSR, without objection from the petitioner, shows that the court properly considered the petitioner's prior convictions as they were set forth in the PSR in its determination of petitioner's sentence. Therefore, petitioner's third claim is DISMISSED.

## CONCLUSION

For the foregoing reasons, the court grants in part government's motion to dismiss [D.E. #49] and hereby DISMISSES petitioner's third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth claims contained in his § 2255 motion, [D.E. #41, 46]. Pursuant to 28 U.S.C. § 636(b) and Rule 8 of the Rules Governing Section 2255 Proceedings, petitioner's first and second claims are referred to United States Magistrate Judge

12

Kimberly A. Swank to conduct an evidentiary hearing to determine whether petitioner instructed his attorney to file an appeal of his sentence and any other issues related to these claims. After review, Magistrate Judge Swank is directed to submit a Memorandum and Recommendation ("M&R") to the undersigned concerning petitioner's remaining claims.

The Federal Public Defender is directed to assign counsel from the Criminal Justice Act (CJA) Panel to represent petitioner at the hearing. After counsel has been assigned, he or she shall file a notice of appearance. Magistrate Judge Swank shall then schedule and hold an evidentiary hearing, respecting the need of counsel for both parties to have adequate time for investigation and preparation.

This 7th day of January, 2015.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#34

13