IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-30-1H
No. 4:18-CV-74-H

OZAY RICHARDSON,  )
    Petitioner,  )
      )
    v.  )    **ORDER**
      )
UNITED STATES OF AMERICA,  )
    Respondent.  )

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, [DE #91]. The government filed a motion to dismiss, [DE #94], to which petitioner responded, [DE #97]. This matter is ripe for adjudication.

## BACKGROUND

On July 9, 2012, petitioner pled guilty, pursuant to a written plea agreement, to possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924, (Count One). On December 12, 2012, petitioner was sentenced to a total term of imprisonment of 204 months. Petitioner did not appeal.

Petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on November 15, 2013, [DE #41, #46]. On January 7, 2015, the court granted in part the government's motion to dismiss and two of petitioner's claims were referred to the United States Magistrate Judge for evidentiary hearing. [DE #52]. On May 3,

2016, the court granted petitioner's motion to vacate, [DE #41 and #46], and vacated the judgment, [DE #38]. [DE #68]. Petitioner was resentenced on July 12, 2016 to a total term of imprisonment of 120 months. [DE #84]. Petitioner, through counsel, filed a notice of appeal, and this court was affirmed by the Fourth Circuit Court of Appeals on September 6, 2017. [DE #88].

Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on April 18, 2018, [DE #91], arguing (1) counsel rendered ineffective assistance by failing to object to and argue against the six-level enhancement under U.S.S.G. § 3A1.2(c)(1); and (2) appellate counsel rendered ineffective assistance by failing to raise petitioner's claim correctly on appeal, that claim being that trial counsel was ineffective for failing to object and argue against the six-level enhancement. [DE #91 at 4, 5]. Petitioner also requests an evidentiary hearing. [DE #97 at 5].

## COURT'S DISCUSSION

i.  Standard of Review

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional

2

Case 4:12-cr-00030-H   Document 100   Filed 06/16/20   Page 2 of 7

assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "To show prejudice in the context of appellate representation, a petitioner must establish a 'reasonable probability . . . he would have prevailed on his appeal' but for his counsel's unreasonable failure to raise an issue." United States v. Rangel, 781 F.3d 736, 745 (4th Cir. 2015) (quoting Smith v. Robbins, 582 U.S. 259, 285-86 (2000)) (citing United States v. Mannino, 212 F.3d 835, 845-46 (3d Cir. 2000)) (internal quotations omitted).

### ii. Analysis

#### a. Alleged Ineffective Assistance at Sentencing

Petitioner contends he expressed his desire for counsel to object to the six-level enhancement at re-sentencing, and counsel informed petitioner that he did not know if he could make that objection at petitioner's re-sentencing and failed to make the objection, even though petitioner requested him to do so.[1] [DE #91-1 at 9-12; DE #91-2 at 2]. Petitioner contends that if counsel had objected to the six-level enhancement, the enhancement would not have applied, and petitioner would have had a reasonable probability of receiving a sentence below 120 months. [DE #97 at 1-2]. Petitioner contends by failing to object, counsel failed to preserve the objection for appellate review. [DE #97 at 2]. Petitioner also notes that he sought to object to the six-level enhancement at his original sentencing, and his attorney withdrew the objections at the hearing. [DE #91-1 at 11 n. 2; DE #91-2 at 1-2]. Petitioner contends the six-level enhancement was without a basis in fact because at no point in the incident leading to his arrest did he point a firearm at the officer or attempt to do so. [DE #91-2 at 3].

---

[1] The court notes at resentencing, counsel for petitioner noted petitioner still maintained objections but that "we're not going to argue these enhancements, they have been ruled on." Counsel for petitioner argued for a downward variance to 77 months. [DE #86 at 5-6].

Petitioner contends when he told counsel to argue against the six-level enhancement, counsel advised petitioner that he had fourteen days to appeal and filed an appeal, and subsequently withdrew. [DE #91-2 at 2; DE #79; DE #81; DE #83].

Petitioner has failed to show prejudice. Both the PSR and resentencing memorandum detailed facts supporting application of the six-level enhancement for assaulting a law enforcement officer. [PSR at 4-5, ¶6; DE #71 at 1].

The Modification to the Presentence Investigation Report provided:

> In addition, while fleeing from the officer and after being apprehended, the defendant struggled with the officer and retrieved a firearm from his waistband and placed the firearm to the officer's chest. The officer grabbed the firearm with both hands and dislodged the firearm from [petitioner's] grasp. The [petitioner's] action presented a substantial risk of bodily injury to the officer. As a result, a 6-level increase is warranted because the firearm created a substantial risk of bodily injury to the officer and assaulted such officer during the course of the offense or immediate flight from therefrom [USSG § 3A1.2(c)(1)].

At the re-sentencing hearing, this court noted this conduct on the record and stated the six-level enhancement was warranted. [DE #86 at 3-4]. However, even if counsel had objected and this objection had been granted, petitioner contends his appropriate guideline range without the enhancement would have been 110 to 137 months. A sentence of 120 months would still have been a sentence within the guidelines. Therefore, even if counsel had objected at

5

the re-sentencing hearing to the six-level enhancement, petitioner has not presented evidence to show "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Therefore, this argument is without merit.

### b. Alleged Ineffective Assistance on Appeal

Petitioner contends appellate counsel rendered ineffective assistance by failing to argue petitioner's claim, that trial counsel was ineffective for failing to object to the six-level enhancement under U.S.S.G. § 3A1.2(c)(1), with adequate case law. [DE #91-1 at 12-14]. Appellate counsel raised this claim, and the Fourth Circuit Court of Appeals found "no conclusive evidence of ineffective assistance on the face of the record." [DE #88 at 2]. The opinion of the Fourth Circuit noted petitioner's claim should be raised, if at all, in a motion pursuant to 28 U.S.C. § 2255. Id. Petitioner has done so. However, petitioner has not alleged facts to show either that petitioner's performance was deficient or that he "would have prevailed on his appeal." Rangel, 781 F.3d at 745. Therefore, this argument is without merit.

### CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #94], is hereby GRANTED, and petitioner's motion to vacate, [DE #91], is hereby DISMISSED. The court denies petitioner's request for an evidentiary hearing as "the motion and

6

the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 16th day of June 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35